UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BONNIE SWADLING,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>                    Defendant. | Case No. 2:15-cv-1588-APG-PAL<br><br>**ORDER DISMISSING CASE WITH PREJUDICE**<br><br>(ECF Nos. 47, 61, 63, 66, 67, 69) |

Plaintiff Bonnie Swadling moves to voluntarily dismiss her case. ECF No. 67. She does not specify whether dismissal should be with or without prejudice. Defendant NDOC does not oppose dismissal, but requests that dismissal be with prejudice. ECF No. 68.

"The Ninth Circuit has indicated that, if a plaintiff fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the lower court." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (citing *Hargis v. Foster*, 282 F.3d 1154, *amended by* 312 F.3d 404, 406 (9th Cir.2002)). In determining whether to dismiss with or without prejudice, courts should consider "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Id.* (citation omitted). Moreover, dismissal with prejudice is appropriate where the plaintiff has waited until "the defendant is on the verge of triumph" before moving to dismiss. *Brooks v. State Bd. Of Elections*, 173 F.R.D. 547, 549-50 (S.D. Ga. 1997).

NDOC has spent considerable time and resources defending this lawsuit. I previously granted NDOC's motion to dismiss, and it has filed additional motions, including a motion for summary judgment that is pending without opposition. NDOC's briefs (ECF Nos. 66 and 68) point out Swadling's history of missed deadlines and requests for extensions of time. Magistrate Judge

Leen denied Swadling's request for additional time to disclose an expert. ECF No. 59. Swadling requested additional time to respond to NDOC's motion for summary judgment; after I granted that request, Swadling failed to file an opposition, choosing instead to move for voluntary dismissal. When NDOC opposed dismissal without prejudice, Swadling requested additional time to file a reply. ECF No. 69. As detailed in NDOC's opposition (ECF No. 68) and motion (ECF No. 66), Swadling's excuses are strikingly repetitive: counsel either miscalendared the deadline or was too busy to meet it. Swadling has failed to timely and diligently prosecute her case.

Stradling's only explanation for her need to take dismissal is "the significant toll litigation and the stress arising therefrom has taken on her health, as well as her legitimate fear of further retaliation from her employer." ECF No. 67 at 1:19-21. That does not justify dismissal without prejudice.

Based on the foregoing factors, dismissal with prejudice is appropriate in this situation.

IT IS HEREBY ORDERED that NDOC's motion to strike **(ECF No. 47) is DENIED AS MOOT.**

IT IS FURTHER ORDERED that Swadling's appeal from the magistrate judge's order **(ECF No. 61) is DENIED AS MOOT.**

IT IS FURTHER ORDERED that NDOC's motion for summary judgment **(ECF No. 63) is DENIED AS MOOT.**

IT IS FURTHER ORDERED that NDOC's motion for reconsideration **(ECF No. 66) is DENIED AS MOOT.**

IT IS FURTHER ORDERED that Swadling's motion to voluntarily dismiss this case **(ECF No. 67) is GRANTED.** This case is dismissed with prejudice.

IT IS FURTHER ORDERED that Swadling's motion to extend time **(ECF No. 69) is DENIED.**

Dated: March 14, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE